IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

      Plaintiff,                       No. CIV-S-07-1326 FCD GGH PS

      vs.

SACRAMENTO POLICE
DEPARTMENT,                               <u>ORDER</u>

      Defendant.

_____/

      Plaintiff, proceeding in pro se, requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case was referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).[1] Accordingly, the request to proceed in forma pauperis will be granted

\\\\\

---

[1] Plaintiff states he is not employed, has no assets and no dependents, but earns about $80 a week distributing music CD's. He further states that he is "[a]lmost out of CD's and money, [and] just applied for general assistance." Plaintiff is pursuing a Title VII action against his former employer in another case pending before this court, <u>Rhodes v. Electronic Data Systems Corporation</u>, Civ. S. 06-1715 MCE EFB PS.

1

1  The determination whether plaintiff may proceed in forma pauperis does not
2  complete the present inquiry. Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at
3  any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to
4  state a claim on which relief may be granted, or seeks monetary relief against an immune
5  defendant. Additional grounds for dismissing a proposed complaint are improper form (Fed. R.
6  Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and, again, failure to state a
7  claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with
8  general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), which requires clear statements of
9  (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) plaintiff's demand
10 for relief.

11  The complaint alleges violations of plaintiff's civil and constitutional rights for
12 which he seeks a five-million-dollar judgment. Plaintiff claims that: (1) on January 12, 2007,
13 defendant failed to disclose evidence exculpatory to plaintiff, in violation of Brady v. Maryland,
14 373 U.S. 83, 83 S. Ct. 1194 (1963),[2] and 42 U.S.C. § 1983; (2) on July 2, 2007, defendant
15 violated plaintiff's Fourteenth Amendment equal protection rights "by not providing a call
16 duration for a specific call requested via Public Defenders Office [] [a]lthough the Sacramento
17 Superior Court issued a Court Order for the Police Department to disclose that information
18 which would prove destruction of evidence;" and (3) on March 7, 2006, defendant violated
19 plaintiff's civil rights (and continues to cover up the details) by conspiring with plaintiff's
20 assailants to permit an assault against plaintiff without being apprehended.

21  The complaint provides no facts whatsoever in support of plaintiff's claims. It is
22 therefore impossible for the court to ascertain whether plaintiff can state a valid claim upon
23 which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Fed. R. Civ. P. 8 requires "sufficient

---

[2] Under Brady, the prosecution has a constitutional obligation to turn material exculpatory evidence over to the defendant. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375 (1985).

allegations to put defendants fairly on notice of the claims against them," McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991), which this complaint does not.  Nonetheless, consistent with the policy of liberally construing pro se pleadings,[3] the court will grant plaintiff leave to file an amended complaint in proper form that sets forth all relevant facts, clearly identifies each legal claim supporting a prima facie basis for relief, and explains the precise role of the defendant pursuant to each claim.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis is GRANTED; and

2.  Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;  plaintiff may file, within twenty days of the filing date of this order, an amended complaint meeting the requirements set forth above.  Failure timely to meet this deadline shall result in a recommendation this case be dismissed.

So ordered.

DATED: 8/1/07                                               /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH5:Rhodes.1326.ifp

---

[3] Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).