IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

    Plaintiff,　　　　　　　　　　No. CIV S-07-1326 FCD GGH PS

  vs.

SACRAMENTO POLICE
DEPARTMENT,　　　　　　　　　　　　FINDINGS & RECOMMENDATIONS

    Defendant.
_____/

        By order filed August 1, 2007, plaintiff's complaint was dismissed for failure to provide sufficient facts for the court's determination whether plaintiff had stated a valid claim (28 U.S.C. § 1915(e)(2)(B)(ii)), and plaintiff was accorded twenty days within which to file an amended complaint.

        Although plaintiff's first copy of the order was returned marked "Return to Sender," the order was properly served on August 1, 2007.[1]  Plaintiff subsequently filed a Notice of Change of Address in another case pending in this court, and plaintiff was again served with the court's order in this case on September 20, 2007.  On October 12, 2007, plaintiff filed an

---

[1] It is the plaintiff's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 83-182(f), service of documents at the record address of the party is fully effective.

Amended Complaint and request that the court permit its late filing.  Plaintiff's Amended Complaint is untimely even if the time period for filing it commenced with this court's second service of the court's August 1, 2007 order.  The court has nonetheless reviewed the Amended Complaint and concludes this action should be dismissed.

The Amended Complaint provides little more than the original complaint. Plaintiff is challenging a superior court case currently pending against him, People of California v. Andre Rhodes, Case # 06FO2128.  Independent review of the Sacramento County Superior Court docket demonstrates plaintiff is being prosecuted for violation of Calif. Penal Code section 245(A)(2) (assault with a firearm),[2] and trial is still pending.  The Amended Complaint, like the original complaint, seeks a five-million-dollar judgment for violation of plaintiff's civil and constitutional rights.  Plaintiff asserts defendant conspired to, and did in fact, destroy exculpatory evidence by "alter[ing] written digital records during the criminal investigation," in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963),[3] 42 U.S.C. § 1983, and plaintiff's due process rights.  Plaintiff asks the court to "review the entire personnel and state files of the involved deputies in [the underlying case] and to order the production of all relevant and material evidence with potential exculpatory value, applying a Brady standard to that review."  In addition, plaintiff asks this court to "Review Document issued to Plaintiff via Public Defenders office stating that the Police Department could not provide a specific call duration,"[4] and "if

---

[2]  Calif. Penal Code § 245(A)(2) provides: "Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment."

[3]  Under Brady, the prosecution has a constitutional obligation to turn material exculpatory evidence over to the defendant.  Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375 (1985).

[4]  As noted in the prior order, the original complaint provided that on July 2, 2007, defendant violated plaintiff's Fourteenth Amendment equal protection rights "by not providing a call duration for a specific call requested via Public Defenders Office . . ."

1  [plaintiff ] happens to be wrongfully convicted of a crime that this Court expunge[] his record."

2  Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if, inter

3  alia, the action fails to state a claim on which relief may be granted.  See also, Fed. R. Civ. P.

4  12(b)(1) (dismissal for lack of subject matter jurisdiction); Fed. R. Civ. P. 12(b)(6) (dismissal for

5  failure to state a claim upon which relief may be granted).

6  This action must be dismissed pursuant to the Younger abstention doctrine.

7  Younger v. Harris, 401 U.S. 37, 91 S. Ct. 760 (1971).  The Younger abstention doctrine applies

8  when the following factors are present: "(1) ongoing state judicial proceeding;[5] (2) implication of

9  an important state interest in the proceeding; and (3) an adequate opportunity to raise federal

10  questions in the proceedings."  World Famous Drinking Emporium v. City of Tempe, 820 F.2d

11  1079, 1082 (9th Cir. 1987).  When the Younger doctrine applies, the district court should dismiss

12  the action.  Id. at 1081.  See Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir.1994)

13  (stating requirements for Younger abstention); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986)

14  (per curiam) (finding abstention proper in federal civil rights action seeking declaratory and

15  monetary relief for conduct in ongoing state criminal proceeding).  The doctrine applies to state

16  criminal proceedings absent exceptional circumstances.  Younger, 401 U.S. at 53-54;  See, also,

17  Clifton v. Cox, 549 F.2d 722, 729 (9th Cir. 1977) (a federal court should not ordinarily interfere

18  with state court actions where the state is seeking to enforce its own laws)[6]; Dubinka v. Judges of

19  Superior Court, 23 F.3d 218, 225 (9th Cir. 1994) (describing narrowness of exception in regard

20  to constitutionality of state statute where although most likely unconstitutional, if statute may be

---

[5] Ongoing state proceedings include all proceedings that are judicial in nature.  Agriesti v. MGM Grand Hotels, Inc., 53 F.3d 1000, 1002 (9th Cir. 1995).

[6] One of the few exceptions to abstention is the situation found in Clifton, where a plaintiff is a federal official whose acts were properly within his duties, and therefore he cannot be prosecuted for those actions by the state.  The Supremacy Clause prohibits state court review of federal authority.  Id. at 730.  "A colorable double jeopardy claim is a preeminent example of one of the very few 'unusual circumstances' justifying federal court intervention in a state proceeding."  Gilliam v. Foster, 61 F.3d 1070, 1082 (4th Cir. 1995).

applied constitutionally in some cases, abstention applies). "It is well established that federal constitutional challenges to prospective state criminal incarceration must first be litigated in the courts of the demanding state." State Ex Rel. Bailey v. Shepard, 584 F.2d 858, 861 (8th Cir. 1978) (citing cases).

Plaintiff has not shown exceptional circumstances in this case or that the state courts cannot address his claims in a timely and fair manner. The constitutional requirements attendant to the right to a fair trial and to present a defense can be litigated in the state's forum.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/5/07                                          /s/ Gregory G. Hollows

                                                        GREGORY G. HOLLOWS
                                                        UNITED STATES MAGISTRATE JUDGE

GGH5:rhodes1326.f&r